UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKOP BAGDASARYAN,

       Petitioner,

 v.

ICE FIELD OFFICE DIRECTOR,

       Respondent.

Case No. C24-514-RSM-SKV

ORDER DIRECTING RESPONDENT TO FILE A REPLY BRIEF

  This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Akop Bagdasaryan challenges in this action his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. 6. Petitioner submitted his federal habeas petition to this Court for filing on April 15, 2024, and the petition was filed on May 13, 2024, after Petitioner paid the filing fee. *See* Dkts. 1, 6. The Petition was thereafter served on Respondent, and Respondent filed a return memorandum and motion to dismiss on June 5, 2024. *See* Dkts. 7, 8. Petitioner filed a response to Respondent's motion to dismiss on June 17, 2024, and the motion is currently ripe for review. *See* Dkts. 8, 11.

  Documents submitted by Respondent in support of the pending motion to dismiss reveal that Petitioner was born in what is now the country of Armenia, and he was admitted to the

ORDER DIRECTING RESPONDENT
TO FILE A REPLY BRIEF - 1

United States in February 1981 as a RE6 refugee who thereafter adjusted to lawful permanent resident status.  *See* Declaration of Michelle R. Lambert (Lambert Decl.), Dkt 10, Ex. B at 3.  In February 1994, Petitioner was convicted of multiple felony counts in the Superior Court of California at Los Angeles, and he was sentenced to a term of confinement of five years plus life with the possibility of parole.  *See id*., Ex. B at 3, Ex. C at 2-3.  Petitioner was released into ICE custody in April 2023, and he was transported to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained.  *See* Dkt. 6 at 1; Declaration of George Chavez (Chavez Decl.), Dkt. 9, ¶ 5.

Petitioner is subject to a final order of removal and a travel document request ("TDR") has been sent to the Armenian Consulate in Glendale, California.  Chavez Decl., ¶¶ 6, 14, 16.  According to Respondent, the TDR was first sent to the Armenian Consulate in January 2024, and it was sent again in April 2024 after no communication was received from the consulate following the January 2024 submission.  *Id*., ¶¶ 14, 16.  Respondent represents to the Court that the TDR is in "pending status" at this time.  *See id*., ¶ 17.

Among the issues addressed by the parties in their respective briefing on Respondent's motion to dismiss is whether there is a significant likelihood that Petitioner will be removed to Armenia in the reasonably foreseeable future.  Respondent asserts that there is a significant likelihood this will occur because the TDR has been sent to the Armenian consulate and is currently pending, and because Armenia routinely issues travel documents and accepts individuals removed from the United States.  *See* Dkt. 8 at 5-7.  Petitioner disputes Respondent's assertions, arguing that his removal to Armenia is "very unlikely" because he is not a citizen of that country and, thus, cannot be removed there.  Dkt. 11 at 1-2.  Petitioner explains that he immigrated from the U.S.S.R. to the United States in 1981, prior to Armenia becoming a

sovereign nation, and he claims that it was only after Armenia became a sovereign nation in 1991 that it began recognizing its own citizens. *Id*. Petitioner maintains that he would have to have left Armenia after 1991 for that country to be able to issue a travel document.[1]

Respondent had an opportunity to address Petitioner's argument by filing a reply brief in support of its motion to dismiss, but it elected not to do so. However, in this Court's view Petitioner's arguments regarding the likelihood that Armenia will issue a travel document for him warrant a response from Respondent, particularly in light of the fact that Respondent is apparently under the misapprehension that Petitioner was admitted to the United States in 1991, rather than in 1981. Petitioner's argument suggests that the date he immigrated to this country is a potentially relevant factor in determining whether Armenia is likely to issue travel documents. Accordingly, the Court hereby ORDERS as follows:

(1) Respondent shall file a reply brief no later than **July 24, 2024**, addressing the issue discussed above, and the Clerk shall re-note Respondent's motion to dismiss (Dkt. 8) for consideration on that date.

(2) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Ricardo S. Martinez.

DATED this 10th day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Petitioner notes in his response to the motion to dismiss that Respondent incorrectly states in its motion that Petitioner was admitted to the United States in 1991, rather than in 1981. *See* Dkt. 8 at 5; Chavez Decl., ¶ 3; Dkt. 11 at 1-2. The record of deportable alien submitted by Respondent in support of the pending motion to dismiss reflects an admission date of February 18, 1981. *See* Lambert Decl., Ex. B at 1, 3.

ORDER DIRECTING RESPONDENT
TO FILE A REPLY BRIEF - 3